MARY E. PAIGE, Appellant, v. MARK P. McCARTHY and Another, Respondents.

WILLARD T. PAIGE, Appellant, v. MARK P. McCARTHY and Another, Respondents.

Fourth Department, May 11, 1927.

**Motor vehicles — actions by guests to recover for injuries suffered when defendant's automobile ran into automobile in which plaintiffs were riding — accident occurred at street intersection in night time — jury might have found both drivers negligent under evidence — it was error to dismiss complaint at close of plaintiffs' case.**

The plaintiffs in these actions were guests in an automobile. As the automobile approached a street intersection in the night time, a street car on the intersecting street stopped at the curb line and the driver of the automobile slowed down, but when the street car stopped the driver of the automobile increased the speed to about twelve miles per hour to pass in front of the street car. At about the same time, defendant's automobile, which was approaching on the intersecting street but which could not be seen by the driver of the automobile in which the plaintiffs were riding because of the street car, started to cross the intersection and a collision occurred, resulting in the injuries suffered by the plaintiffs. It was error for the court to dismiss the complaint at the close of the plaintiffs' evidence, since the evidence of the plaintiffs presented a question as to whether or not one or both of the drivers were negligent.

SEPARATE APPEALS by the plaintiff in each of the above-entitled actions from separate judgments of the Supreme Court in each action in favor of the respective defendants, entered in the office of the clerk of the county of Onondaga on the 23d day of January, 1925, and the 1st day of May, 1925, respectively, upon the dismissal of the complaint at the close of the plaintiff's case.

*Iloff & Murray* [*Otto W. Iloff* of counsel], for the appellants.

*Bond, Schoeneck & King* [*Clarence R. King* of counsel], for the respondent Mark P. McCarthy.

*Costello, Cooney & Fearon* [*Henry E. Wilson* of counsel], for the respondent Fred T. Sibson.

PER CURIAM. Midland avenue in the city of Syracuse extends north and south. West Colvin street intersects it and extends east and west. The plaintiff and her husband, passengers in the automobile of the defendant Sibson, approached the intersection of said streets from the east, the automobile being upon the north side of West Colvin street. It was between twelve and one o'clock at night, and the pavements were damp. The automobile was

moving at the rate of fifteen miles an hour. As it entered upon Midland avenue its speed was decreased. Just before entering upon Midland avenue the occupants of the automobile saw a street car approaching on that avenue from the north, or right. The street car stopped with its front end opposite the north curb of West Colvin street. When it stopped, the driver increased the speed of the automobile to about twelve miles an hour. Just as it passed in front of the street car it was struck by the automobile of the defendant McCarthy which approached the intersection from the north and came past the street car on its west side — the side opposite that from which the plaintiff approached. The defendant McCarthy's automobile came along the west side of the street car and out of sight of the driver of the Sibson automobile. The automobile owned by the defendant McCarthy struck the automobile in which plaintiff was riding on its right side, broke both rear wheels and crushed in the right side. After the accident the Sibson automobile stood at the south curb of West Colvin street headed north, and the McCarthy automobile was forty feet south of the south curb of West Colvin street, on the west side of Midland avenue. The plaintiff and her husband both testified that they did not hear any horn blown or signal given by the driver of either automobile.

At the close of plaintiff's case the learned trial justice dismissed the complaint upon the ground that the plaintiff had failed to establish that either defendant was negligent.

As the drivers of the two automobiles approached the point of the accident, the view of each of the other's approach was cut off by the standing street car. It is apparent that the situation was a dangerous one, requiring each driver to exercise care and caution commensurate with the danger. If each driver had slowed down when approaching the standing street car, so that each would have stopped immediately upon obtaining a view of the other approaching automobile, no accident would have happened. The Sibson automobile approached the point of the accident at the rate of twelve miles per hour without giving any signal. The only evidence of the speed at which the McCarthy automobile approached is the effect produced on the Sibson automobile by the contact. It was pushed across West Colvin street, crushed and turned partly around.

We think the jury might properly have found from the admissions contained in the answers, the testimony produced by the plaintiff, and the inferences legitimately deducible therefrom that both drivers were negligent. It was, therefore, error to dismiss the complaint at the close of the plaintiff's case.

The judgments should be reversed upon the law and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

On each appeal: Judgment reversed on the law and a new trial granted, with costs to appellant to abide event.